UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA GARCIA, an individual; and N.R., a minor, by and through her guardian,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN; KERN COUNTY DEPARTMENT OF HUMAN SERVICES; KERN COUNTY SHERIFF'S OFFICE; STEPHANY ROSENOW, an individual; RALPH LOMAS, an individual; and DOES 1 through 100,<br><br>Defendants. | No. 1:18-cv-00369-DAD-JLT<br><br>ORDER APPOINTING GUARDIAN AD LITEM<br><br>(Doc. No. 22) |

On June 22, 2018, David Brooks filed a petition to be appointed guardian ad litem for plaintiff N.R. for purposes of this action. (Doc. No. 22.) A hearing on the motion was held on August 7, 2018. Attorney Jomo K. Stewart appeared telephonically on behalf of plaintiffs, and attorney Kathleen Rivera appeared telephonically on behalf of defendants.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented

1

in an action." Fed. R. Civ. P. 17(c)(2). Local Rule 202(a) of this court further states, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986).

David Brooks petitions the court to appoint him as guardian ad litem to plaintiff N.R., a minor born in 2011. (Doc. No. 22 at 1.) Mr. Brooks states that he is competent and responsible to represent and protect the interests of plaintiff N.R. (*Id.* at 2.) At the hearing on this motion, plaintiffs' counsel further represented that Mr. Brooks is an attorney who serves as a child advocate in juvenile dependency and juvenile delinquency cases, and has previously been appointed as guardian ad litem in state court. Plaintiffs' counsel also represented that Mr. Brooks has no interests divergent to those of plaintiff N.R., and that N.R.'s mother and co-plaintiff in this action, Victoria Garcia, has consented to Mr. Brooks' appointment. Counsel for defendants, moreover, expressed no opposition to Mr. Brooks' appointment.

Finding good cause, the court grants the petition (Doc. No. 22) and appoints David Brooks guardian ad litem of minor plaintiff N.R.

IT IS SO ORDERED.

Dated: **August 7, 2018**

_____
UNITED STATES DISTRICT JUDGE